O

FILED
NOV 12 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

PAMELA DARWIN,
Plaintiff,
v.
MICHAEL J. ASTRUE, Commissioner of Social Security,
Defendant.

Case No. EDCV 10-0572-MLG

MEMORANDUM OPINION AND ORDER

Plaintiff Pamela Darwin seeks judicial review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons discussed below, the decision of the Commissioner is REVERSED and the matter REMANDED for further proceedings consistent with this opinion.

//

//

//

**I. Factual and Procedural History**

Plaintiff was born on September 23, 1958 and was 51 years old at the time of the administrative hearing. (Administrative Record ("AR") 108.) She received her GED and has specialized vocational training in truck driving. (AR 131.) Plaintiff has work experience as a cashier, sales clerk and telephone operator. (AR 127.)

Plaintiff filed an application for DIB and SSI benefits on January 25, 2008, alleging that she had been disabled since June 29, 2004, due to heart problems, including two heart attacks, panic attacks, high blood pressure, high cholesterol and affective mood disorder. (AR 108-112, 113-116.) Plaintiff's application was denied initially on June 4, 2008 (AR 56-60), and upon reconsideration on September 24, 2008. (AR 63-67.) An administrative hearing was held on October 27, 2009 before Administrative Law Judge ("ALJ") Jay E. Levine. Plaintiff, represented by counsel, testified, as did a Vocational Expert ("VE"). (AR 30-51.)

On December 11, 2009, ALJ Levine denied Plaintiff's application for benefits. (AR 18-26.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 20.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: status post two heart attacks and stent implacement. (Id.) However, the ALJ concluded that Plaintiff's impairments did not meet, or were not medically equal to, one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 17.) The ALJ concluded that Plaintiff retained the following residual functional capacity ("RFC"):

> The claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is not to work on

> dangerous machinery; and precluded from jobs with more than occasional detailed conversation with the public or fellow employees, superficial greetings are not precluded, detailed problem solving in conjunction with the public or other employees is precluded.

(AR 22.)

The ALJ found that Plaintiff was capable of performing her past relevant work as a cashier, sales attendant and telephone operator. (AR 25-26.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 26.)

On March 12, 2010, the Appeals Council denied review (AR 1-3), and Plaintiff timely commenced this action for judicial review. On November 4, 2010, the parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and issues. Plaintiff contends that (1) certain requirements of her past relevant work as a cashier, sales attendant and telephone operator, as defined by the Dictionary of Occupational Titles ("DOT"), conflict with the functional limitations found by the ALJ, and (2) the ALJ erred in failing to properly consider the opinion of Plaintiff's treating physician. (Joint Stp. 3.) Plaintiff requests that this Court reverse and remand for an award of benefits, or in the alternative, reverse and remand for a new administrative hearing. (Joint Stp. 24.) The Commissioner requests that the ALJ's decision be affirmed. (Id.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's error in determining that Plaintiff was able to perform her past relevant work given the mental limitations in the ALJ's RFC assessment to be meritorious and remands this matter for further

proceedings consistent with this opinion.[1]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Social Security Commissioner's decision to deny benefits. The Court must uphold the Social Security Administration's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

//

---

[1] The Court will only address the ALJ's finding that Plaintiff was capable of performing her past relevant work in detail. However, as noted above, Plaintiff also contends that the ALJ erred by failing to properly consider the opinion of Plaintiff's treating physician. Because the ALJ erred in finding that Plaintiff could perform her past relevant work, the Court does not reach the remaining issue or decide whether this issue would independently warrant relief.

**III. Discussion**

Plaintiff contends that the ALJ erred in finding that she was capable of performing her past relevant work as a cashier, sales attendant and telephone operator because the requirements of those jobs, as defined in the DOT, are inconsistent with the ALJ's RFC assessment. (Joint Stp. 3.) More specifically, the ALJ determined that Plaintiff was precluded from jobs that require more than occasional detailed conversation with the public or fellow employees and from jobs that require detailed problem solving in conjunction with the public or other employees. (AR 22.) Plaintiff argues that these limitations are inconsistent with the requirements of her past relevant work because each of those three jobs requires more than just occasional detailed conversation with the public and fellow employees and also requires detailed problem solving in connection with the public or other employees. (Id.)

The ALJ based his conclusion that Plaintiff could perform her past work as a cashier, sales attendant and telephone operator on the testimony of the VE. (AR 25-26.) At the administrative hearing, the ALJ posed the following hypothetical to the VE:

> Assume a hypothetical individual of the claimant's age, education, prior work experience. Assume this person is restricted to a light range of work, no work on dangerous machinery, precludes jobs that have more than occasional detailed conversation with the public or fellow employees, superficial greeting, hello, goodbye, not precluded but detailed problem solving in conjunction with the public or other employees as precluded. Could such a hypothetical individual perform any of claimant's past work?

(AR 49.) The VE responded that Plaintiff would be capable of performing her past relevant work as a fast food cashier (DOT 311.472-010), sales attendant (DOT 299.677-010), and telephone operator (DOT 235.662-022). (AR 49.)

At step four of the five-step disability determination process, the claimant bears the burden of showing that she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. *Id.* This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). The claimant must be able to perform: (1) the actual functional demands and job duties of a particular past relevant job or (2) the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61. This requires specific findings as to the claimant's RFC, the physical and mental demands of the past relevant work, and the relation of the RFC to the past work. SSR 82-62. *Id.* at 845.

As a preliminary matter, the Court notes that it is unclear from the record why the ALJ, in assessing Plaintiff's RFC, determined that Plaintiff was precluded from jobs that require more than occasional detailed conversation with the public or fellow employees and from jobs that require detailed problem solving in conjunction with the public or other employees. (AR 22.) The ALJ specifically found that Plaintiff's alleged mental impairments, apparently panic attacks and depression, were not severe and caused no "more than minimal

limitation in Plaintiff's ability to perform mental work activities." (AR 21.) Accordingly, because he found Plaintiff's mental impairments non-severe, it is not clear why the ALJ included these mental limitations regarding contact with the public and problem solving in the RFC assessment.[2] Regardless, this Court is bound by the ALJ's assessment of the claimant's RFC and its accompanying functional limitations, and therefore will determine whether these noted limitations preclude Plaintiff from performing her past relevant work.

Having reviewed the DOT requirements for the jobs of fast-foods worker (DOT 311.472-010), sales attendant (DOT 299.677-010), and telephone operator (DOT 235.662-022), it appears that the requirements of these jobs conflict with the mental limitations imposed by the RFC assessment. For example, each of these three jobs requires "significant" involvement with people. *See* DICOT §§ 311.472-010, 299.677-101, 235.662-022. Also, all three of these jobs require either frequent talking (from 1/3 to 2/3 of the time) or constant talking (2/3 or more of the time). *Id.* In fact, the telephone operator job requires the ability to "*speak before an audience* with poise, voice control, and confidence ...." *See* DICOT § 235.662-022 (emphasis added). Given these various verbal and communicational requirements, it is difficult to see how Plaintiff would be able to perform any of these jobs if she is limited to no more than occasional detailed conversation with the public or fellow employees and from detailed problem solving in conjunction with the public or other employees.

//

"[I]n order for an ALJ to rely on a job description in the [DOT]

---

[2] Upon remand, the ALJ may wish to more clearly articulate the evidence upon which he bases his assessment of Plaintiff's RFC.

that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation. *Pinto*, 249 F.3d at 847, *citing Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Further, an ALJ "may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Light v. Social Security Admin.*, 119 F.3d 789, 793 (9th Cir. 1997). Here, the ALJ did not "definitively explain" the apparent discrepancy between Plaintiff's noted limitations and the requirements of Plaintiff's past relevant work as listed in the DOT. Accordingly, the matter shall be remanded for additional findings to on this issue.

**IV. Conclusion**

For the reasons discussed above, the decision of the Social Security Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED: November 12, 2010

MARC L. GOLDMAN

MARC L. GOLDMAN
United States Magistrate Judge